IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terrell Kurt Myers, | ) | Civil Action No. 4:10-70260-TLW |
| | ) | Criminal No. 4:06-1317-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Terrell Kurt Myers. ("Petitioner" or "Defendant"). On July 18, 2007, Petitioner pled guilty to Count 8 of the Superseding Indictment in this case, charging Petitioner with being a Felon In Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). (Docs. # 193 and # 250). In the plea agreement, Petitioner and the United States of America ("Government") agreed to a stipulated sentence of twenty (20) years imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. # 244). On October 30, 2007, this Court sentenced Petitioner to the stipulated term of twenty (20) years. (Docs. # 281 and # 304). Petitioner timely noticed an appeal on a Fourth Amendment search and seizure issue. (Doc. # 292). On July 2, 2009, the Fourth Circuit Court of Appeals issued an opinion and judgment affirming the judgment of this Court. (Docs. # 376 and # 377).

On September 10, 2010, Petitioner filed the present action asserting two grounds of relief, both based upon a claim of ineffective assistance of counsel. (Doc. # 417). On December 10, 2010, the Government filed its response in opposition and then later moved for summary

1

judgment. (Docs. # 428 and # 441). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed February 14, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 442). Petitioner filed a response on March 7, 2011. (Doc. # 447). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. # 428 and # 441). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner has asserted two grounds for relief both based upon a claim of ineffective assistance of counsel. Petitioner's first claim for relief is that his counsel was ineffective in failing to argue that Petitioner did not qualify as an armed career offender under 18 U.S.C. § 924(e) (the Armed Career Criminal Act or "ACCA") inasmuch as Petitioner's prior convictions for assault of a high and aggravated nature and criminal domestic violence of a high and aggravated nature were not "violent felonies" as that term is defined under the ACCA. (Docs. # 417 and # 417-1). Petitioner's second and related claim is that his counsel was ineffective for failing to notice appeals of those prior convictions and then challenging the use of those convictions as predicate offenses based upon their status as under review on appeal. Id.

In order to prevail on a claim of ineffective assistance, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

Here Petitioner's claims are without merit. As an initial matter, Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement with the Government. Petitioner's stipulated

4

sentence of twenty (20) years was not based upon an application of the federal sentencing guidelines, including the armed career criminal guideline at U.S.S.G § 4B1.4. The Fourth Circuit has consistently held that "[a] sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines." United States v. Febrez, 2010 WL 3096225 (4th Cir. 2010); see also United States v. Bethea, 369 Fed.Appx. 485, 486 (4th Cir. 2010); United States v. Dials, 369 Fed.Appx. 347, 349 (4th Cir. 2010). Because it was Petitioner's contractual agreement with the Government and not his prior state court convictions or putative armed career offender status that drove his federal sentence, Petitioner cannot readily demonstrate a reasonable probability of prejudice as a result of his counsel's alleged failure to challenge those prior convictions.

Moreover, the Pre-Sentence Investigation Report in Petitioner's case indicates at paragraph 31 that Petitioner was twice convicted of the crime of Assault of a High and Aggravated Nature and once convicted of the crime of Criminal Domestic Violence of a High and Aggravated Nature. (Doc. # 286). The Report also indicates that the incidents that gave rise to these three convictions occurred on three separate dates, involved three separate victims, two female and one male, and each involved an attempt on Petitioner's part to commit violent injury upon another. Id. at ¶ 31. Based on the information presented in the Report, this Court does not conclude that counsel's alleged failure to challenge the status of these prior convictions as violent crimes under the ACCA amounted to objectively unreasonable conduct such as would support a finding of ineffective assistance of counsel.[1] Nor is there an adequate basis to conclude that counsel was ineffective in failing to challenge Petitioner's assault convictions on

---

[1] Nor does Petitioner cite any case law for the proposition that South Carolina convictions for Assault and Battery of a High and Aggravated Nature do not qualify as predicate offenses under the ACCA. The Government, on the other hand, cites numerous cases in its memorandum for the proposition that the offense is routinely considered a crime of violence by the Fourth Circuit. See, e.g., United States v. Stewart, 370 Fed.Appx. 400 (4th Cir. 2010) (Doc. # 428).

the grounds that they were pending appeal. As an initial matter, it is not clear based upon the record before the Court that Petitioner's convictions were ever pending appeal. In any event, Petitioner has cited no authority for the proposition that a prior conviction may not be used as a predicate offense under the ACCA if it is pending appellate review. Petitioner does cite to United States v. Pressley, 359 F.3d 347 (4th Cir. 2004). However, as the Government notes in its memorandum, Pressley addressed the entirely separate issue of whether a conviction entered *after* commission of the federal offense was a "previous conviction" under the ACCA. (Doc. # 428). Here it is undisputed that Petitioner had already been convicted of his state court offenses prior to his commission of the felon-in-possession offense for which he was sentenced in federal court. (Doc. # 286).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 417) and the Government's motion for summary judgment is **GRANTED** (Doc. # 441). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

May 2, 2012
Florence, South Carolina